UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-98-HRW

KELLEY FANNING, JR.                                                                             PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

WARDEN BRIAN PATTON, ET AL.                                                         RESPONDENTS

The petitioner, Kelley Fanning, Jr., is confined in the Federal Prison Camp in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"). He has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 2]. He has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## RESPONDENTS

The named respondents are: (1) Brian Patton, Warden, of FCI-Ashland, and (2) Robert McFall, whom the petitioner identifies as a psychologist at FCI-Ashland.

## CLAIMS

The petitioner alleges that his right to due process of law has been violated by the respondents' decision not to allow him to participate in the Residential Drug Abuse Program ("RDAP"). The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C.F.R. § 550.57. The Bureau of Prisons ("BOP") has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B).

The petitioner alleges that his Pre-Sentence Investigation Report ("PSI Report"), prepared by the federal Probations Office, indicates that he does in fact suffer from drug and alcohol problems. He claims in his § 2241 petition that BOP is arbitrarily denying him participation into the RDAP despite his documented need for rehabilitation as to his substance abuse problems.

## RELIEF REQUESTED

The petitioner seeks an order from this Court requiring Respondent Brian Patton, the Warden of FCI-Ashland, to allow him to participate in the RDAP.

## PETITIONER'S CRIMINAL CONVICTION

On September 25, 2006, the United States District Court for the Northern District of

2

Indiana sentenced the petitioner to a thirty-seven month term of imprisonment, plus five years of supervised release. *See United States of America v. Kelley Fanning, et al.*, 1:04-CR-00079-TLS-2 [Docket Entry No. 212]. The docket sheet from that criminal proceeding reveals that on August 11, 2005, over a year before his sentence was imposed, the petitioner entered into a Plea Agreement in which he admitted that he "did knowingly and intentionally possess with the intent to distribute more than 1,000 kilograms of marijuana, a Schedule I Controlled Substance, or did aid and abet the same; All in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2." [*See United States v. Fanning et al*, 04-CR-00079-TLS, Docket Entry No. 169].

This Court cannot access by electronic means the transcript from the sentencing hearing, but the docket sheet in the criminal proceeding contains several notations at Docket Entry No. 212, "Sentencing." The last entry states as follows:

> RECOMMENDS to BOP that Dft serve term of imprisonment at a federal facility closest to Northeast Indiana and participate in a drug treatment program.

[*Id*., Record No. 212- - Docket notation].

On September 25, 2006, the day before the petitioner was sentenced, a Pre-Sentence Investigation Report ("PSI Report") was filed under seal in the petitioner's criminal proceeding [*Id*., Docket Entry No. 211]. As the PSI Report was filed under seal, this Court has no access to that document.

## ADMINISTRATIVE EXHAUSTION

On September 26, 2007, this Court entered an Order requesting the petitioner to provide copies of his efforts to administratively exhaust the claims raised in his § 2241 petition [*See*

3

Order, Record No. 3]. Specifically, the Court requested that the petitioner provide the BP-9, BP-10 and BP-11 appeals which he filed and the BOP's responses thereto, if any.

On October 2, 2007, the petitioner filed a Response to that Order. While the petitioner failed to attach a copy of Warden Patton's Response to the petitioner's BP-9 appeal, it appears that the petitioner completed the three-step administrative remedy process set forth in 28 C.F.R. § 542.13-15.[1] The petitioner attached the BOP Mid-Atlantic Regional Office's May, 2007 response to his BP-10 appeal [Record No. 4-2, p.4] and the BOP Central Office's August 22, 2007 response to his BP-11 appeal [Record No. 4-2, p.7].

Summarized, the BOP has stated that the petitioner was not eligible for participation in the RDAP. Specifically, K. M. White, Regional Director of the BOP Mid-Atlantic Regional Office, explained that the petitioner's PSI Report lacked the requisite evidence of a recent enough substance abuse or dependence problem.

White noted that under BOP Program Statement 5330.10 *Drug Abuse Programs Manual*, there must be documentation in the PSI Report, or other similar records, which supports the existence of a diagnosis of substance abuse or dependence as defined in the *Diagnostic and Statistical Manual of Mental Disorders Fourth Edition* (DSM-IV). White stated that the DSM-IV documentation must exist independent of the self-report information contained in the Eligibility Interview. In his Response, White further explained that according to DSM-IV criteria, there must be evidence of substance abuse in the twelve months prior to incarceration

---

[1] The Court assumes that the Warden must have issued an unfavorable response because the petitioner thereafter appealed to the next two higher levels within the BOP.

[Record No. 4-2, p.4].

White noted that the petitioner's PSI Report contained two admissions by the petitioner: (1) that he was a recovering alcoholic and had been sober for the past ten years, and (2) that he had used marijuana on a daily basis until October, 2004. White stated that these admissions of past substance abuse problems were too remote in time to satisfy the twelve-month time span established in the DSM-IV. White discounted the fact that a large quantity of marijuana was found on the petitioner's person at the time of his arrest, stating that possession of the substance did not equate into a finding that the petitioner consumed the substance [*Id*].

The petitioner appealed to the BOP Central Office [Record No. 4-2, p.5] On August 22, 2007, Harrell Watts, Administrator of the National Inmate Appeals, denied the BP-11 appeal. Watts agreed with White's determination that the petitioner did not have a verifiable, documented drug or alcohol problem as defined by PS 5330.10, *Drug Abuse Programs Manual, Inmate*. Watts noted that although 18 U.S.C. § 3621(e) requires the BOP to make substance abuse treatment available, the BOP has the authority and discretion to decide which prisoners suffer from a treatable condition of substance abuse or addiction. Watts supported the two previous determinations that the petitioner's PSI Report did not substantiate the existence of a substance use-related disorder during the twelve-month period prior to his incarceration.

PETITIONER'S LEGAL ARGUMENTS

The petitioner challenges the BOP's decision which determined that he was not eligible to participate in the RDAP. He argues that his substance abuse problems were close enough in time to his current incarceration to render him eligible to participate in the RDAP.

The petitioner contends that his PSI Report documents that he had been suffering from a substance abuse or dependence problem in the twelve months prior to his incarceration. He argues that the BOP unfairly and arbitrarily refused to consider his eligibility, in violation of its own Program Statement and policies.

## DISCUSSION
### 1. Sentencing Court Should Address RDAP Claim

The petitioner argues that his PSI Report contains information which substantiates his claim that he suffered from a substance abuse problem twelve months prior to his incarceration. The petitioner did not, however, produce the PSI Report for review. As the Court has noted, the PSI Report was filed under seal in the petitioner's criminal case. Lacking the document itself, the Court is left only with the petitioner's unsubstantiated and conclusory description of what the PSI Report says about the status of his substance abuse condition on September 26, 2006.

The docket sheet of the petitioner's criminal proceeding in the Northern District of Indiana indicates that at sentencing, the sentencing court recommended that the petitioner participate in a drug treatment program [*See United States v. Fanning et al*, 04-CR-00079-TLS-2, Record No. 212]. This Court does not have the benefit of the actual sentencing transcript which would provide insight as to whether the sentencing court specified that the petitioner should participate *in a BOP-sponsored substance abuse program*, such as the RDAP, while he is confined in a BOP facility.

The Judgment itself, entered on September 26, 2006, contains the following terms under the heading of "**SPECIAL CONDITIONS OF SUPERVISION**":

The defendant shall not illegally possess a controlled substance.

6

> The defendant shall provide the probation officer with access to any requested financial information.
>
> The defendant shall participate in a drug aftercare treatment program under a co-payment plan which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer.
>
> The defendant shall participate in a co-payment program to offset the cost of treatment. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment.
>
> While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7.

[Judgment, Record No. 217].

The reading of this passage could indicate only that the petitioner must participate in an "aftercare" drug treatment program during the term of his supervised release, after he has been released from BOP custody. The Judgment itself is not dispositive of the petitioner's claim.[2]

If the petitioner elects to obtain his PSI Report and a copy of the sentencing transcript, he is advised that any further request for relief should be filed in the sentencing court under 28 U.S.C. § 2255. In *United States v. Fraley*, 2007 WL 1876455 (E.D. Ky., June 27, 2007) (Slip

---

[2] The Court notes that the petitioner entered a guilty plea in the Northern District of Indiana on August 11, 2005, but he was not sentenced until over a year later on September 25, 2006. While it is not entirely clear to this Court when the petitioner began serving his current federal sentence, the docket sheet from the criminal matter indicates that the Criminal Judgment was returned executed as to the petitioner on November 29, 2006, at the Federal Prison Camp at FCI-Ashland [*Id.*, Record No. 221]. There was a delay of over a year between the and the entry of the guilty plea in August, 2005 and the filing of the PSI Report and the imposition of the sentencing in September, 2006.

copy), petitioner Becky Fraley filed a motion under § 2255 before the judge who sentenced her (Hon. Karl S. Forester of this Court). Fraley sought an order requiring the BOP to reduce her sentence by one year upon her completion of the RDAP. The BOP had refused to reduce her sentence on the grounds that she had a prior robbery conviction in state court. The BOP asserted that the prior conviction precluded her from receiving the one-year reduction under § 3621(e).

Fraley argued in her § 2255 motion that it was clear from the reading of the sentencing transcript that the sentencing court (Judge Forester) intended for her to participate in the RDAP while in BOP confinement. Judge Forester agreed with Fraley by adopting the Report and Recommendations of the Magistrate Judge, which stated as follows:

> Thus, at first blush, it would appear that in order to obtain the relief she seeks (credit of one year off of her 3-year sentence), Fraley would be required to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the district where she is incarcerated, to challenge the denial of early release following her completion of the RDAP However, based on a review of *Hickerson v. Willingham*, No. 3:06-cv-777 (CFD), 2006 WL 3422186 (D.Conn. Nov. 28, 2006), a case very similar to the present action, the Magistrate Judge concludes that under these particular circumstances, Fraley's § 2255 motion is the proper vehicle for the relief she seeks

*United States v. Fraley* 2007 WL 1876455, *4 (E. D. Ky.,2007).

In *Hickerson v. Willingham*, *supra*, the inmate, Hickerson, completed the RDAP, but the BOP informed her that she was not eligible for early release because of a prior robbery conviction in state court. Hickerson exhausted the administrative remedies available to her concerning the BOP's decision that she was not eligible for early release, then she filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the denial of early release upon her completion of the RDAP.

*Hickerson* cited various cases which hold that denial of early release following completion of the RDAP does not deny an inmate a liberty interest protected under the Due Process Clause. *Hickerson*, 2006 WL 3422186 at *3. For that reason, the district court in *Hickerson* declined to find a viable claim under 28 U.S.C. § 2241. However, it denied Hickerson's habeas petition filed under 28 U.S.C. § 2241, the district court suggested that the relief Hickerson sought should be pursued in a motion filed in the sentencing court under 28 U.S.C. § 2255. The court explained as follows:

> Hickerson states in her petition that the sentencing judge, prosecutor and her attorney all led her to believe that she should be awarded early release for completion of the RDAP. As explained above, whether an inmate is awarded early release is within the BOP's discretion. The sentencing judge, prosecutor and attorney have no authority to ensure that early release is offered to any inmate. **To the extent that Hickerson is arguing that her sentence was improper because the sentencing judge relied on an award of early release, this claim must be raised in a section 2255 motion filed with the sentencing court**.

*Hickerson*, 2006 WL 3422186 at *3 (Emphasis Added).

In *Fraley*, Judge Forester adopted the approach set forth in *Hickerson* and determined that Fraley could assert her claim before him, as the sentencing judge, under 28 U.S.C. § 2255. Judge Forester cited language from Fraley's sentencing transcript which revealed that it was the intention in sentencing Fraley that she would be entitled to early release if she successfully completed the RDAP. ("We'll get the magical language, and I certainly want to make that finding to where she can get the year off"). *Fraley*, 2007 WL 1876455, at *5.

Again, it is unknown to this Court what exactly was said in either Petitioner Fanning's sentencing hearing, or in the PSI Report, on the issue of his possible participation in the RDAP. It is possible that unlike the facts in *Fraley*, the sentencing court here made no reference or

9

mention about Petitioner Fanning participating in the RDAP while in custody. Under the rationale of *Fraley* and *Hickerson*, he will need to assert any further claim along these lines before the sentencing court in the United States District Court for the Northern District of Indiana, under 28 U.S.C. § 2255.

2. <u>No Liberty Interest in Early Release</u>

Analyzing the instant claim under § 2241, the petitioner does not assert a legitimate claim. The petitioner's argument that he has been denied due process of law assumes that he has some form of liberty interest in participation in the RDAP, which could then in turn lead to a possible one-year reduction in his sentence. As the Court has noted in its discussion of *Hickerson*, that assumption is erroneous.

To support a due process claim there must be an infringement of a protected liberty interest. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir.1993); *Fristoe v. R.G. Thompson*, 144 F.3d 627, 630 (10th Cir.1998). The Constitution does not itself afford a prisoner a liberty interest in a reduced sentence. A convicted person has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979).

Early release is much like parole, in that either possibility "provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 7; *see Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995) (possibility of early release is not a liberty interest). There is no liberty interest in a reduced sentence, and 18 U.S.C. § 3621(e)(2)(B) does not afford such

an interest. *Lopez v. Davis*, 531 U.S. 230, 239-41 (2001) (noting as significant Congress's use of "may" rather than "shall" in § 3621 (e)).

Title 18 U.S.C. § 3621(e)(2) grants the BOP full discretion to grant or withhold an early release, even denying any early release to those who have already completed the RDAP. *See Hasan v. Eichenlaub*, 2006 WL 3511551, *2 (E. D. Mich. 2006). The BOP may exclude inmates from early release categorically or on a case-by-case basis. *Id. See also Orr v. Hawk*, 156 F.3d 651, 652 -53 (6th Cir. 1998) ("As an incentive for prisoner participation in such treatment programs, the statute allows an inmate convicted of a "nonviolent offense" to receive a reduction in sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B). Nothing in the statute requires the BOP to grant early release to any eligible prisoner. Thus, it suggests that the agency has substantial discretion in its decision making."); *see also Brown v. Scibana*, 86 F. Supp.2d 702, 704 (E.D. Mich. 2000).

In *Sesi v. United States Bureau of Prisons,* 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition), Sesi unsuccessfully complained that his wrongful expulsion from a drug treatment program violated his due process rights. The Sixth Circuit concluded that even if an inmate *completes* the RDAP, the BOP was not required to grant him early release. *Id.* at * 2.

There is other significant authority for this proposition. *See Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. September 24, 2002) (Not Reported in F. Supp.2d) (even if Hernandez had exhausted his administrative remedies concerning his ineligibility to participate in a RDAP, he could not prevail on a due process claim, because § 3621(e) does not create a

liberty interest cognizable under the Due Process Clause); *Egan v. Hawk*, 983 F. Supp. 858 (D. Minn. 1997) (noting that although § 3621 (e)(2)(B) allows the BOP to shorten an inmate's sentence by up to one year, it does not mandate such a reduction; conditional language did not create a liberty interest, relying upon *Greenholtz*); *United States v. Jackson*, 70 F.3d 874, 878 (6th Cir. 1995) (noting that the BOP has "broad authority to manage the enrollment of prisoners in drug abuse treatment programs" and finding that "it was beyond the District Court's authority to order the defendant's participation in a drug treatment program while incarcerated"); *Smith v. Sniezak*, 2007 WL 642017 (N.D. Ohio, February 27, 2007) (removal from RDAP program did not violate prisoner's Fifth or Eighth Amendment rights; no liberty interest existed which would allow him to remain in RDAP).

Based on the weight of this authority, the Court must dismiss the instant § 2241 petition without prejudice to his filing a motion in the sentencing court (the United States District Court for the Northern District of Indiana) under 28 U.S.C. § 2255.

## CONCLUSION

Accordingly, it is **ORDERED** that this action will be **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

This October 11, 2007.



Signed By:
Henry R Wilhoit Jr.
United States District Judge